UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>STEPHEN TONEY, SR.,<br><br>　　　　　　　　　Defendant. | Case No. 18-cr-1405-BAS-2<br><br>**ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE (ECF Nos. 552, 566)** |

On September 24, 2020, this Court sentenced Defendant to seventy-four months in custody following his conviction for conspiracy to possess hydrocodone with the intent to distribute it. (ECF No. 496.) Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for compassionate release. (ECF No. 552 ("Motion").) Counsel has also filed a Supplemental Motion for Release. (ECF No. 566 ("Supplemental Motion").) The Government opposes. (ECF No. 572 ("Opposition").) For the reasons stated below, the Court **DENIES** the Motions.

I.   **BACKGROUND**

Defendant recruited homeless individuals and other people of limited means to pose as "patients" to secure hydrocodone prescriptions. He helped transport the individuals to the office of his co-conspirator, medical doctor Salerno, to get the prescriptions, took the

straw patients to pharmacies to fill the prescriptions, and then sold the pills obtained from these patients to pharmacies in Mexico as well as to individuals in San Diego. (PSR ¶¶ 10–47.) During a search of Defendant's residence, agents seized multiple driver's licenses of Dr. Salerno's "patients," including one who was deceased and another who was incarcerated when the prescriptions were written. In addition, an unlabeled prescription bottle was seized containing approximately 215 hydrocodone tablets. (*Id.*)

On September 24, 2020, in the midst of the pandemic, the Court sentenced Defendant to seventy-four months in custody. (ECF No. 496.) At sentencing, Defendant argued, and the Court considered, that he was suffering from diabetes and hepatitis. The Court departed down from the guideline range after considering the risks Defendant faced in custody from a combination of COVID-19 and his underlying conditions. (ECF No. 493.) Fortunately, Defendant is now fully vaccinated, having received both of the Moderna vaccines as well as a booster. (Opposition, Appendix A.)

Defendant now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) because: (1) the Bureau of Prisons ("BOP") denied his request to receive drug treatment through the RDAP Program despite the Court's recommendation that he receive the treatment; and (2) he suffers from risks considering his diabetes and hepatitis. (Motion and Supplemental Motion.)

Records show Defendant has exhausted his administrative remedies by applying for compassionate release from the Warden at FCI Lompoc, where he is being housed, without response. (Supplemental Motion, Exhibit G.) More than 30 days have elapsed since these requests were made. *See* 18 U.S.C. § 3582(c)(1)(A)(i) (providing the court may consider a defendant's motion for compassionate release if he requests release from the warden of his facility and receives no response within 30 days).

## II.  ANALYSIS

Once a defendant exhausts his administrative remedies, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and

compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

Unfortunately, Congress provided no statutory definition of "extraordinary and compelling reasons" and instead delegated that responsibility to the U.S. Sentencing Commission. *See United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021). Due to vacancies in the Sentencing Commission, the Commission has been unable to update its definition of "extraordinary and compelling reasons" following passage of the First Step Act that amended § 3582(c)(1)(A). *Id.* at 800 n.1. Nonetheless, the Sentencing Commission's original policy statements, although not binding, may inform the district court's decision as to whether certain conditions are extraordinary and compelling. *Id.* at 802.

In the Application Notes, the Sentencing Commission gives examples of extraordinary and compelling reasons, including that the defendant is:

(I)   suffering from a serious physical or medical condition;

(II)  suffering from a serious functional or cognitive impairment; or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13(1)(A)(ii), Application Note 1(A)(ii).

### A.   Risk of COVID-19/ Medical Conditions

To the extent Defendant argues that he should be released because he has diabetes and hepatitis, which puts him at greater risk should he contract COVID-19, the Court finds he has failed to demonstrate extraordinary and compelling reasons for release.

Since vaccinations have become widespread in the BOP, courts in the Ninth Circuit have consistently refused compassionate release requests based on the threat of COVID-19 from inmates or detainees who have been fully vaccinated. *United States v. Cobarruvias-Pete*, No. 18-cr-4151-CAB, 2021 WL 4819301, at *1 (S.D. Cal. Oct. 15, 2021) (citing cases); *see also United States v. Cortez*, No. CR-18-858-01-PHX-SPL, 2021 WL 689923, at *1 (D. Ariz. Feb. 23, 2021) ("The court cannot conclude, particularly in light of his vaccination, that defendant's current exposure to COVID-19 presents 'extraordinary and compelling reasons.'"); *United States v. Upshaw*, No. 1:14-cr-256-NONE, 2021 WL 2417012, at *2 (E.D. Cal. June 14, 2021) ("[C]ourts in this circuit and others have recognized that the widespread availability of COVID-19 vaccines within BOP facilities has significantly diminished the risk posed to federal prisoners by the virus and in turn lessened the degree to which the risks posed by COVID-19 may tip the scale in favor of compassionate release in cases where prisoners suffer from chronic medical conditions." (citing cases)); *United States v. Hall*, No. 3:18-cr-499-BR, 2021 WL 5566539, at *3 (D. Or. Nov. 29, 2021) (noting "[o]ther district courts in the Ninth Circuit and other judges in this District have . . . concluded inmates who have been fully vaccinated . . . have not satisfied the extraordinary and compelling standard" even if they suffer from medical conditions that make them more susceptible upon contracting COVID-19 (citing cases)).

Defendant's full vaccination status, coupled with a recent booster shot, negate his claim of risk based on COVID-19. This conclusion is supported by the most recent report from the BOP, which shows no inmates or staff positive for COVID-19 at Lompoc FCI. *See* BOP, Covid-19 Cases, http://www.bop.gov/coronavirus (last visited Apr. 20, 2022). Therefore, despite Defendant's diabetes and hepatitis, both of which have been addressed while in custody, the Court finds that the risk of COVID-19 to this fully vaccinated individual is not sufficient to warrant compassionate release.

Additionally, as pointed out by the Government, the Court took Defendant's medical conditions into consideration at the time it sentenced him back in 2020. Additional downward departures are not warranted.

### B. Risk of COVID-19/ Medical Conditions

Defendant's primary argument seems to be that the BOP has failed to send him to RDAP for drug treatment despite the Court's recommendation it do so. This Court agrees with those courts that have concluded that a defendant's failure to access the RDAP program, while regrettable, is insufficient reason to warrant compassionate release. *See United States v. Moore*, No. 1:19-cr-63-DCN, 2021 WL 2417722, at *3 (D. Idaho, June 11, 2021); *United States v. Casas*, No. 3:10-cr-3045-BTM, 2021 WL 5359363, at *5 (S.D. Cal. Nov. 17, 2021).

### C. Section 3553(a) Factors

Even if Defendant had demonstrated extraordinary and compelling reasons for his release (he has not), the Court must still consider the factors set forth in § 3553(a) to determine whether release is warranted. In this case, the Court finds those factors support denying the request. Defendant's conduct was serious, and he has a lengthy criminal record. Releasing him now would be insufficient for deterrence, the need for just punishment and to avoid unwarranted disparities. Therefore, the Court further finds the § 3553(a) factors militate against compassionate release.

## III. CONCLUSION

Defendant's Motions to reduce his sentence pursuant to 19 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 552, 566) are **DENIED**.

**IT IS SO ORDERED.**

DATED: April 20, 2022

Hon. Cynthia Bashant
United States District Judge